UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAN'T LIVE WITHOUT IT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ETS EXPRESS INC,<br><br>Defendant. | Case No. 17-mc-80144-MEJ<br><br>**ORDER RE: MOTION TO QUASH**<br><br>Re: Dkt. No. 1 |

ETS Express, Inc. is a defendant in a civil action pending in the Southern District of New York. *See* Not. of Mot. at 1, Dkt. No. 1. ETS served a subpoena on non-party Google, Inc., purporting to require Google to produce emails from the personal email address of non-party Sarah M. Kauss. *See* Mot., Ex. A (Subpoena). Ms. Kauss moves to quash the subpoena to Google in its entirety on the ground it violates the Stored Communications Act (SCA), 18 U.S.C. § 2701 et seq. Mot. at 1. ETS did not file an Opposition. *See* Dkt. The Court finds this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

Civil subpoenas are subject to the SCA. *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-72, 1077 (9th Cir. 2004). The SCA generally prohibits "'providers' of communication services from divulging private communications to certain entities and/or individuals." *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 900 (9th Cir. 2008), *rev'd on other grounds by City of Ontario v. Quon*, 560 U.S. 746 (2010). The SCA allows an electronic communications service provider to "divulge a record or other information pertaining to a subscriber to or customer of such service . . . to any person other than a governmental entity" but emphasizes that such records do "not includ[e] the contents of communications." 18 U.S.C. § 2702(c)(6); *see also Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 728 (N.D. Cal. 2014) ("contents" of a communication include

"any information concerning the substance, purport, or meaning of that communication", while "record information generally includes the name, address, or client ID number of the entity's customers") (internal quotation marks and citation omitted).

Because ETS has not opposed the Motion, there is no dispute Google is a provider of communication services. *See also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1022 (N.D. Cal. 2012) ("A provider of email services is an [electronic communications service]"); *Theofel*, 359 F.3d at 1075 (messages remaining on an ISP for backup purposes after being sent are in electronic storage). ETS' civil subpoena purports to compel Google to produce Ms. Kauss' emails regarding a variety of subjects, including attachments thereto. *See* Subpoena at ECF p.6. The Subpoena accordingly requests the contents of Ms. Kauss' emails without her consent in violation of the SCA. Ms. Kauss' Motion to Quash is therefore GRANTED.[1] *See, e.g.*, *Occupy Columbia v. Haley*, 2013 WL 12149696 (N.D. Cal. Feb. 15, 2013).

Ms. Kauss shall serve a copy of this Order on ETS and Google.

**IT IS SO ORDERED.**

Dated: December 7, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Ms. Kauss also moves to quash the subpoena on the ground it is "manifestly overbroad . . . unduly burdensome . . . would invade Ms. Kauss's personal privacy; and would sweep in material subject to [various] privileges." Mot. at 1. Because the Court grants the Motion because it violates the SCA, it does not address this second ground.

2